ANTONIO ROIG, SUCRS., *S. en C.,* Petitioner, *v.* MINIMUM WAGE BOARD OF PUERTO RICO, Respondent.

No. 106.—Argued June 23, 1947.—Decided July 9, 1947.

546

*James R. Beverley, R. Castro Fernández,* and *José López Baralt* for petitioner. *Ismael Soldevila* for respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The Minimum Wage Board filed a motion seeking the annulment of the writ issued in this case on the following grounds: 1st, because the decision attacked which was rendered by the Chairman of the Board is purely administrative without giving rise to any legal right; and, 2d, because the statutory requirements provided for a review were not fulfilled, that is, that no reconsideration of the decision complained of was sought.

The parties were heard as to the propriety of this motion and the petitioner alleges: 1st, that the decision appealed from is tantamount to a final order issued by the Board and is, therefore, reviewable under § 24 of the Minimum Wage Act; and, 2d, that a petition for reconsideration, even though not verified, was filed.

In the petition for review filed by A. Roig Sucs., *S. en C.,* in this case, it is alleged, in brief, that by virtue of Decree No. 3 the Minimum Wage Board fixed minimum wages and maximum hours of work for the agricultural and industrial phase of the sugar industry in Puerto Rico; that on October 22, 1945, the petitioner received a letter from the Board informing it that it owed the amount of $23,767.02 to certain employees and demanding payment thereof; that on October

31, 1945, the petitioner answered said letter calling attention to certain errors committed by the inspector of the Board; that at the request of the petitioner the Board set May 21, 1946 for an administrative hearing, on which day the petitioner appeared, filed its answer to the claim and presented its evidence; that by a decision of June 2, 1947, the Board rejected all the defenses set up by the petitioner in its answer and ordered the latter to deposit with the Board, within the term of five days, the amount of $22,737.10, which according to the Board was the amount owed by the petitioner to its employees.

Petitioner then alleged that the Board acted without authority and in excess of its power because of different reasons which it enumerates under letters (a) to (i). Some of them, to wit, (a), (b), and (d), attack the weighing of the evidence and others raise questions of law.

██ Conceding, without holding, that the decision appealed from was one rendered by the Board (the respondent maintains that it is not), it is not alleged in the petition that petitioner sought the reconsideration of said decision, as required by § 24(b) of Act No. 8 of April 5, 1941 (Laws of 1941, p. 302) as amended by Act No. 217 of May 11, 1945 (Laws of 1945, p. 680), in order to make it final and reviewable by this Court, according to subdivision (d) of the same Section.[1] The answer filed by petitioner on March 21, 1946, at the request of the Board on October 22, 1945, can not be considered, as urged by the petitioner, a motion for a reconsideration of the decision rendered by the Board more than one year later on June 2, 1947.

██ This would be sufficient reason to annul the writ issued, but we deem it advisable to add, that even if the reconsideration had been sought and denied, the decision of

[1] It should be noted that Act No. 451 approved on May 14, 1947, which went into effect on July 1, in again amending § 24, eliminated the requirement of a reconsideration and the final effect which the preceding act gave to the decision of the Board in deciding the reconsideration sought.

the Board, through its chairman, is not equivalent to a final order for the payment of wages given against petitioner (it was so admitted by the attorney for the Board at the hearing and also in his brief). It is merely a notice of the result of an administrative investigation in relation to certain salaries which petitioner allegedly owes its workmen. And to recover them, if proper, the Board, through its attorneys, would have to sue the petitioner in the corresponding district court, pursuant to the procedure established in § 25 of the Act.[2] So that said court would be the one to ultimately render judgment against the petitioner if the facts were proven by the Board and from this judgment petitioner could appeal to this Court without our being limited, as in this writ of review, to the questions of law involved, but we could consider it on its merits.

For the reasons stated the writ must be quashed and the petition dismissed.

[2] Pursuant to Act No. 451 of 1947, this Section is amended and the power is vested in the Commissioner of Labor.